UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

FARON PEACOCK
    Plaintiff

-vs-                                        Case No.
                                            Hon.
PORTFOLIO RECOVERY ASSOCIATES, LLC,
    Defendant

## COMPLAINT & JURY DEMAND

*Faron Peacock states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), the Telephone Consumer Protection Act, "TCPA"), 47 U.S.C. § and 28 U.S.C. §§1331,1337.

2. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Faron Peacock who resides in Six Lakes, MI 48886.

4. The Defendants to this lawsuit is Portfolio Recovery Associates, LLC ("PRA")

1

which is a corporation doing business in Michigan at 218A S. 108th Ave., Norfolk, VA 68154, and whose resident agent, National Registered Agents, Inc., maintains its office at 712 Abbot Road , East Lansing , MI  48223.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Montcalm County.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. Some time prior to June of 2016,  PRA received one or more debts to collect from Mr. Peacock.

8. PRA began its first collection attempts against Mr. peacock some time in 2008.

9. The debt that PRA sought to collect was for personal, family or household services relating to one or more credit cards.

10. PRA sued Mr. Peacock to collect the debt.

11. PRA lost that case, which resulted in a dismissal of all claims against Mr. Peacock.

12. Some time after that, PRA re-initiated its collection efforts in relation to the

debt against Mr. Peacock through repeated calls to his cell phone and delivery of prerecorded messages.

13. With this, Mr. Peacock withdrew consent for any a calls.

14. Mr. Peacock asked that the PRA representatives cease calls to him and his cell phone.

15. PRA refused to cease calling Mr. Peacock.

16. Unable to stop the calls for the debt he did not owe, Mr. Peacock cancelled cell phone service for that phone, and purchased a new phone with a new number which he did not provide to PRA and for which he had never given consent to PRA.

17. PRA began calling Mr. Peacock on the new number on his new cell phone using an "Automated Telephone Dialing System" (ATDS) as set forth in the TCPA 47 U.S.C. § 227, and also delivered prerecorded messages to Mr. Peacock.

18. PRA did not place any calls to Mr. Peacock for an emergency purpose.

19. Each time Mr. Peacock was able to speak to a representative, he asked that PRA stop calling him and his cell phone.

20. PRA refused to cease calling Mr. Peacock on his new cell phone number.

21. Unable to stop the calls for the debt he did not owe, Mr. Peacock cancelled his

second cell phone service for that phone, and purchased yet another new phone with yet another a new number which he did not provide to PRA and for which he had never given consent to PRA.

22. PRA began calling Mr. Peacock on this third phone number on his third cell phone using an automated telephone dialing system (ATDS) and prerecorded messages.

23. PRA did not place any calls to Mr. Peacock for an emergency purpose.

24. Each time Mr. Peacock was able to speak to a representative, he asked that PRA stop calling him.

25. None of the telephone calls made to Mr. Peacock constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(I)

26. Between December 2010 and July 2016, Plaintiff received several hundred calls from PRA to his cellular phones.

27. PRA has refused to stop calling Mr. Peacock and he brings this claim for violations of federal and state law.

## **COUNT I – Fair Debt Collection Practices Act (PRA)**

28. Mr. Peacock incorporates the preceding allegations by reference.

29. At all relevant times PRA – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or

entities.

30. PRA is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

31. At all times relevant to this complaint, PRA sought to collect a "consumer" debt from Mr. Peacock.

32. PRA actions to collect this alleged debt from Mr. Peacock violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. § 1692d, 1692e, and 1692f.

33. Mr. Peacock suffered damages as a result of these violations of the FDCPA.

## COUNT II – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.* (PRA)

34. Mr. Peacock incorporates the preceding allegations by reference.

35. PRA

36. The central business mission of PRA is the collection of consumer debts using the United States mail service, telephone, telegram or other instrumentalities of interstate and intrastate commerce.

37. At all times material and relevant hereto, PRA used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(1).

38. Mr. Peacock withdrew any consent for calls to his cell phones.

39. PRA had no commercial purpose for calls to Mr. Peacock.

40. PRA had no emergency purpose for calls to Mr. Peacock

41. Mr. Peacock did not give PRA permission to call two of his cell phone numbers.

42. Rather in nearly every call that Mr. Peacock had with PRA, Mr. Peacock told PRA's agents to stop calling him.

43. PRA has violated the TCPA.

44. Mr. Peacock has suffered damages as a result of this violation of the TCPA.

## COUNT III – Michigan Occupational Code (PRA) as alternative to claims under the Michigan Collection Practices Act

45. Mr. Peacock incorporates the preceding allegations by reference.

46. PRA is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

47. Mr. Peacock is a debtor as that term is defined in M.C.L. § 339.901(f).

48. PRA's actions to collect from Mr. Peacock violated the MOC including but not limited to 339.915.

49. Mr. Peacock suffered damages as a result of these violations of the MOC

50. These violations of the MOC were willful.

## COUNT IV – Michigan Regulation of Collection Practices Act (MRCPRA) as alternative to claims under the Michigan Occupational Code

51. Mr. Peacock incorporates the preceding allegations by reference.

52. PRA is a "regulated person" under the Michigan Collection Practices Act ("MRCPA"), M.C.L. § 445.251(g)(xi).

53. PRA's actions to collect from Mr. Peacock violated the MRCPA including but not limited to M.C.L. § 445.252.

54. Mr. Peacock suffered damages as a result of these violations of the MRCPA.

55. These violations of the MRCPA were willful.

## Demand for Jury Trial

56. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

57. *Accordingly, Mr. Peacock requests that the Court grant:*

    a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

    b. *Statutory damages.*

    c. *Treble damages.*

    d. *Statutory costs and attorney fees.*

                                                Respectfully Submitted,

                                                By: <u>s/ Ian B. Lyngklip</u>
                                                Ian B. Lyngklip (P47173)
                                                LYNGKLIP & ASSOCIATES
                                                CONSUMER LAW CENTER, PLC
                                                Attorney For Faron Peacock
                                                24500 Northwestern Highway, Ste. 206
                                                Southfield, MI 48075
                                                (248) 208-8864
                                                Ian@MichiganConsumerLaw.Com

Dated: June 25, 2017